ROYSTER, WALDRAN & BACON *v.* MICHAEL MA-GEVENEY.

REAL ESTATE BROKER. *Commissions.* If a broker is employed to sell property, and he first brings the property to the notice of the purchaser, and upon such notice the sale is effected by the owner, the broker is entitled to commissions.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

JARNAGIN & FRAYSER for Royster, Waldran & Bacon.

ESTES & ELLETT for Mageveney.

DEADERICK, C. J., delivered the opinion of the court.

This was a suit by plaintiffs to recover commissions for the sale of the defendant's property in Mem-

Royster, Waldran & Bacon *v.* Mageveney.

phis.    The verdict and judgment were for defendant,
and plaintiffs have appealed.

The plaintiffs allege, that as real estate brokers,
they were employed by defendant in 1877, to sell a
certain store-house in Memphis, and that they procured
a purchaser therefor, etc.    There is also a count in the
declaration for money paid, and work and labor done
by plaintiffs.    Without reviewing the facts, it is suffi-
cient to say, that there is evidence sufficient to sus-
tain a verdict either way.    Plaintiffs insist that sev-
eral errors were committed by the court in the pro-
gress of the trial.

First, it is argued that the court erred in rejecting
the deposition of M. K. Meister, Jr.    The only ma-
terial facts stated in that deposition were such as de-
ponant derived from conversations of R. Williams, Sr.,
with him.    Williams was the party to whom the prop-
erty was sold, was a competent witness in the case,
and was, in fact, examined.    There was no error in
rejecting testimony of his declarations.

Exceptions were also taken to the charge of the
court.    The court charged the jury fully and correctly,
in several different paragraphs, in substance, that a
broker was entitled to his commissions if he produces
a customer to the owner, if the owner is satisfied with
such customer and sells to him, as the result of such
introduction by the broker, even though the trade
were effected by defendant.    These propositions (6 in
number), appear to have been requested by plaintiffs,
and were given as asked.    One other proposition which
plaintiffs asked the court to charge, he refused, whether

Royster, Waldran & Bacon *v.* Mageveney.

upon the ground that he had already given it, or for what reason, does not appear. It is as follows: "If you believe that plaintiffs were employed by defendant to sell the property in controversy, and that they first brought the property to the notice of the purchaser, Williams, and upon said notice, negotiations followed between Williams and defendant, and finally Williams bought said property of defendant, resulting from said negotiation," plaintiffs could recover, etc.

We see no objection to above proposition, but think it had been given in effect and substance several times in the charge. For example, the court told the jury if plaintiffs disclosed the name of the purchaser, or introduced him, and such disclosure or introduction was the foundation upon which negotiations were begun, and the sale was effected, plaintiffs will be entitled to recover. Again the court said to the jury, you must be satisfied plaintiffs were the efficient agents in, or procuring cause of the sale, and when the broker has commenced a negotiation for the sale, the owner cannot deprive him of compensation by taking that negotiation out of his hands and completing the sale himself. · The law of the case was in these several propositions, submitted to the jury in all its material aspects.

But it is further insisted that the judge erred in charging, that "to entitle plaintiffs to recover in this case, you must be satisfied from the proof, that they were the efficient agents in, or procuring cause of the sale of the property to Williams in September, 1877, or that the plaintiffs being employed by the defendant for that purpose, found and introduced Williams to

Royster, Waldran, & Bacon *v.* Mageveney.

him, as a purchaser of the property, and that Williams was willing and able to purchase at the price and on the terms demanded by defendant, and that the sale resulted in consequence of such introduction.

The objection taken to this charge is, that it implies that a formal personal introduction is necessary. We do not think it was intended to be so construed, but the word was used in the sense of producing a purchaser, or finding one willing to purchase. It is further objected that the law does not require that the person produced should be *able* to buy it, if he did in fact buy, and was accepted as a purchaser by the owner. But although this may not have been technically correct, practically it was not an error to the injury of plaintiffs, as the record very clearly shows Williams' ability to buy, and that he did in fact pay, at the time of the purchase, in full for the property, and there is no evidence whatever to the contrary.

There is no error in the record, for which the judgment should be reversed, and the same will be affirmed.